# STATE v. BUTLER
(No. 1539; June 18, 1929; 278 Pac. 563)

The cause was submitted for the plaintiff on the brief of *W. J. Wehrli* of Casper, Wyoming, County and Prosecuting Attorney of Natrona County.

The cause was submitted for defendant on the brief of *E. E. Enterline* of Casper, Wyoming.

KIMBALL, Justice.

This is a criminal case brought here by procedure set forth in Sections 7539-7542, W. C. S. 1920, for the decision of questions raised by the exception of the prosecuting attorney of Natrona County to the order of the District

Court sustaining defendant's motion to quash the information.

The information was drawn under Chapter 149, Laws of 1925, an act to regulate the practice of professional engineering and land surveying. "Land surveyors" and "professional engineers" are the statutory names for the two classes of persons affected by the law. A land surveyor is "any person who does land surveying," and land surveying is defined. Sec. 6 (a). A "professional engineer" is "anyone who practices professional engineering," and professional engineering "means the practice of any branch of the profession of engineering, other than military engineering," but "the execution of work designed by a professional engineer shall not be deemed to be the practice of professional engineering." Sec. 6 (b). Both land surveyors and professional engineers are required to register with the state board of examining engineers, and it is made a misdemeanor punishable by fine for any person (with stated exceptions not necessary now to be considered) to practice or offer to practice land surveying or professional engineering without having registered. It is declared that nothing in the act "shall be construed as authorizing a duly registered professional engineer to make land surveys." Sec. 6 (a).

By Section 6 (c) it is provided, that:

"All surveying and engineering work done by or under the authority of any village, town, city, county or other political subdivision, or the State of Wyoming, shall be performed by or under the direction of a duly registered professional engineer or land surveyor, as provided by this Act, and no town, city or county surveyor or engineer, or surveyor or engineer employed by the State of Wyoming, shall be eligible as a candidate for appointment, re-appointment, election or re-election, until he has secured a certificate of registration, authorizing him to do the class of work for which he is employed."

We shall not quote the allegations of the information, but for the purposes of our opinion shall adopt the prosecuting attorney's summarization thereof as contained in his brief, as follows:

"That the defendant was the duly appointed and acting city engineer of the City of Casper;
"That the City of Casper is a city of the first class organized, created and existing under and by virtue of the general municipal incorporation laws of the State of Wyoming;
"That the defendant was actually engaged in the work and duties of City Engineer of the City of Casper;
"That the defendant was not legally authorized to practice professional engineering, according to the provisions of Chapter 149 of the Session Laws of Wyoming 1925, in that the defendant did not have a certificate of registration to practice professional engineering."

The motion to quash was sustained by the trial court upon the ground stated thus in the motion:

"Because the said amended information wholly fails to set forth or allege what act or acts was or were committed by the defendant, which constituted or constitutes the offer to practice or the practicing of professional engineering by the defendant."

So, the court, in sustaining the motion, held that the information ought to contain an allegation of the act or acts of defendant which it was claimed constituted the practicing of, or offer to practice, professional engineering.

Under our practice, a motion to quash reaches defects in the form of the information and in the manner in which the offense is charged. Sec. 7483, W. C. S. 1920. Indefiniteness in the charge is a defect of that kind. Richey v. State, 28 Wyo. 117, 125, 201 Pac. 154, 205 Pac. 304. State v. Tobin, 31 Wyo. 355, 366, 226 Pac. 681. A motion to quash, when confined to its proper office, does not raise the question that the facts stated do not constitute a punishable of-

fense. McGinnis v. State, 16 Wyo. 72, 81, 91 Pac. 936; State v. Toliver, 109 Kan. 660, 662, 202 Pac. 99, 20 A. L. R. 502. The trial court, therefore in sustaining the motion to quash in the case at bar, did not rule, and we, in deciding the question raised by the prosecuting attorney's exception, need not decide, whether the information charged a crime.

When, as in the case at bar, the motion to quash attacks the information on the ground that the facts are not pleaded with sufficient particularity, it would seem to be analogous to the motion, so common in civil cases, to require a party to make his pleading more definite and certain. The court, in ruling on the motion, must decide whether or not the moving party is entitled to have more specific information. The granting of the motion is in effect a ruling that the pleading ought to be amended. In coming to that decision, the court exercises a discretion, and the ruling ought not to be held to be erroneous unless the discretion has been abused.

The state's theory, as stated in the brief, is that, when defendant became city engineer of a city of the first class, and actually engaged in the work and duties of the office, he thereby offered to perform those duties, as stated in Sec. 1806, C. S. 1920, and in so doing offered to practice professional engineering.

Section 1806 states the duties of city engineers of cities of the first class. Some of those duties might be performed by land surveyors as defined by the law of 1925. Other duties, we may assume, could be lawfully performed by only those persons described as professional engineers. That some of the work of a city engineer may lawfully be done by a registered land surveyor is apparently recognized by the provision of Section 6 (a) of the law of 1925. Section 1806 also provides that nothing therein contained "shall prevent such city from employing other engineers or assistants for any work or labor for said city."

If the state's theory be correct, no engineer could safely accept the position of city engineer until he had registered both as a land surveyor and as a professional engineer. If the legislature intended so to provide, the intention is not made at all clear. Section 6 (a) of the law of 1925, makes the city engineer's eligibility for office depend upon his having registered for the class of work for which he is employed. The information in the case at bar does not allege that the defendant was not registered as a land surveyor, and in the absence of such an allegation, we must assume that he was. Nowhere in the law is a land surveyor forbidden to accept the office of city engineer. In doing so, he is guilty of no crime, unless he thereby practices, or offers to practice, professional engineering.

The duties of city engineer under the provisions of Section 1806, might include the doing of work which, in view of the law of 1925, may be divided into three classes roughly described as: (1) land surveying, for which he should have a certificate of registration as a land surveyor; (2) the designing of works, for which he should have a certificate of registration as a professional engineer, and (3) other work, such as the execution of work designed by a professional engineer, for which he need have no certificate of registration. If a city has no work of class (1) for the city engineer to do, it would seem unreasonable to say that a professional engineer, by accepting the office of city engineer, was offering to practice land surveying; and, if the city had no work of class (2) for the city engineer to do, a land surveyor might, we think, accept the office, without being guilty of offering to practice professional engineering.

We may concede that, ordinarily, a person accepting a public office offers to discharge all the duties of that office, for the law usually requires that he perform them, either in person or by his deputies and assistants. But Section 1806, when it authorizes the city to employ ''other engineers'' for any work, makes it at least doubtful whether a

person, by accepting the office of city engineer, necessarily offers to perform all the duties of that office as set forth in the statute.

If the foregoing views be correct, the allegation that the defendant engaged in the "work and duties" of city engineer was not only quite general, but, in all probability, included the charge of some acts that were innocent. See, People v. Watson, 196 Mich. 36, 162 N. W. 943. This is saying nothing of the possibility that the engaging in such work and duties may not have required defendant to offer to do any act of professional engineering. We cannot say that the trial court abused its discretion in holding that the information was uncertain and that defendant was entitled to have the charge include more specific allegations as suggested by the motion to quash.

*Exception Overruled.*

BLUME, C. J., and RINER, J., concur.